JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Los Angeles County, California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New Castle County, Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Krueger, Esq.
2065 Main Street, Suite 102
Wailuku, HI 96793
808 244 7444

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. 1332(a)(1)

Brief description of cause:
Negligence, premises liability

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 500,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JAMES KRUEGER, ESQ. 492
2065 Main Street
Suite 102
Wailuku, Maui, Hawaii 96793
Tel: 244-7444 (Telephone)
     244-4177 (Facsimile)
Email:   mauswim@maulaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII'

CIVIL DIVISION

| | | |
|---|---|---|
| PHILLIP WESKALNIES, | ) | COMPLAINT FOR A CIVIL CASE |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NUMBER:_____ |
| v. | ) | |
| | ) | |
| GWR WAILEA PROPERTY LLC dba | ) | |
| GRAND WAILEA, WALDORF-ASTORIA | ) | |
| MANAGEMENT LLC, HILTON HAWAII | ) | |
| CORPORATION, HILTON MANAGEMENT | ) | |
| LLC, PARK HOTELS & RESORTS, | ) | |
| INC., JOHN DOES 1-5, | ) | |
| JOHN DOE CORPORATIONS | ) | |
| 1-5, JOHN DOE PARTNERSHIPS | ) | |
| 1-5, ROE NON-PROFIT | ) | |
| CORPORATIONS 1-5 and | ) | |
| ROE GOVERNMENTAL AGENCIES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### COMPLAINT

1.  At all times relevant herein, plaintiff PHILLIP WESKALNIES was a citizen and resident of the State of California.

2. At all times relevant herein, defendant GWR WAILEA PROPERTY LLC, dba GRAND WAILEA, was a limited liability corporation, incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

3. At all times relevant herein, defendant Waldorf-Astoria Management LLC, was a limited liability corporation, incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

4. At all times relevant herein, defendant HILTON HAWAII CORPORATION was incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

5. At all times relevant herein, defendant HILTON MANAGEMENT LLC was a limited liability corporation, incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

6. At all times relevant herein, defendant PARK HOTELS & RESORTS, INC., was incorporated under the law of the State of Delaware, having its principal place of

business in the County of Maui, State of Hawaii and doing business therein.

7. None of the abovenamed defendants are citizens of the State of California, incorporated under the law of the State of California, or has their principal place of business within the State of California.

8. No unidentified defendant was a citizen or resident of the State of California or incorporated under the law of California or had its principal place of business thereat.

9. There is complete diversity of citizenship between plaintiff and defendants pursuant to 28 U.S.C. § 1332(a)(1).

10. At all times relevant herein, defendants, and/or any of them, owned and/or operated and maintained a first class resort hotel property, known as "Grand Wailea", situate at 3850 Wailea Alanui Drive, Kihei, Maui, Hawaii 96753 (hereinafter "the premises")

11. Excluding the unidentified defendants described in Paragraph 8 above, plaintiff has diligently and in good faith attempted to ascertain names, identities, and possible defendants whose identities are presently unknown to plaintiff. Despite the foregoing, the identities of other defendants, excluding those described in paragraph 8 above, whose conduct may have been a legal

cause of plaintiff's injuries and damages, remain unknown to plaintiff.

12. Plaintiff alleges on information and belief that, directly or indirectly, the conduct of other defendants, other than those described in paragraph 8 above, presently unknown to plaintiff, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiff as a result of which all defendants, identified and unidentified, may be legally, jointly and severally liable to plaintiff for injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant named and unnamed.

13. All events described herein occurred in the County of Maui, State of Hawaii, so that this Court is the appropriate venue for, and has jurisdiction over, this proceeding and the parties herein.

14. On October 5, 2015, plaintiff was lawfully upon the premises of defendants, and/or any of them, whereat he was caused to fall.

15. At all times relevant herein, defendant, and/or any of them, created, caused, allowed to exist, owned, leased, operated, cleaned, controlled, managed, and/or supervised, failed to inspect and/or maintain its

premises, and/or warn about and/or failed to eliminate an unreasonably dangerous condition on the premises, which condition was foreseeably hazardous to patrons of defendant, and/or any of them, including plaintiff, which condition created an unreasonable risk of harm to her, and was a cause of plaintiff's fall at the premises.

16.  The fall suffered by plaintiff resulted from, among other things, defendants', and or any of them, failure to provide a non-slippery walking surface on its premises leading from the Molokini Wing of the premises to go to an area on the premises where defendants, or any of them, would be holding a luau.

17.  The surface of the aforesaid walkway was wet, slippery, and dangerous at the time of plaintiff's fall, there having been rain in the area at an earlier time during the day of his fall.

18.  Defendant failed to warn its guests, including plaintiff, of any hazardous condition of the aforesaid walkway prior to plaintiff's fall.

19.  Defendant failed to provide any kind of anti-slip surface, carpet, rug or mat, which would have prevented plaintiff from slipping and/or falling as a result of a dangerous condition of the walkway.

20. Defendants failed to warn its guests, including plaintiff, of any hazardous condition of the aforesaid walkway prior to plaintiff's fall.

21. At all times relevant herein, the condition of the aforesaid walkway was unreasonably dangerous.

22. Defendants', and/or any of them, allowance of, or permission of the existence of, the aforesaid dangerous walkway condition, was unreasonably careless.

23. On October 5, 2015, as a legal result of the foregoing, plaintiff was caused to fall.

24. Negligence of defendants, and/or that of any of them, mentioned above, was a cause of plaintiff's fall.

25. As a legal result of the foregoing, plaintiff has suffered severe and permanent physical and/or mental injuries, suffering, emotional distress, diminution of wage and/or impairment of earning capacity, enjoyment of life's activities, expenses incurred for the treatment of injuries suffered, together with other damages as shall be proved at time of trial, which is in excess of $75,000.00, exclusive of interest and costs.

26. The amount of damages suffered by plaintiff, $500,000.00, exclusive of interest and costs, is sufficient to vest this Court with jurisdiction pursuant to 28 U.S.C. § 1332(a).

27. Plaintiff engaged in no negligent conduct

which was a legal cause of his injuries.

WHEREFORE, upon a hearing hereof, plaintiff prays that judgment be entered in his favor and against defendants, and/or any of them, jointly and severally, for general and special damages exclusive of costs and /or other damages as to which he shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such other and further relief as to which he shall be entitled pursuant to Rule 54(c), Federal Rules of Civil Procedure.

DATED:  Wailuku, Maui, Hawaii, _____.

_____
JAMES KRUEGER, ESQ.
Attorney for Plaintiff